UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VIVINT LOUISIANA, LLC                            CIVIL ACTION

VERSUS

CITY OF SHREVEPORT, ET AL.                 NO.: 14-00617-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant's **Motion to Dismiss Pursuant to Rule 12(b)(3), or In the Alternative, Motion to Transfer (Doc. 13)**, filed by the City of Shreveport. Plaintiff Vivint Louisiana, LLC opposes the motion. (Doc. 15). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Vivint Louisiana, LLC ("Vivint") filed this action in the Middle District of Louisiana against the City of Shreveport ("Shreveport") and the State of Louisiana, Department of Public Safety, Office of State Fire Marshal ("Fire Marshal") pursuant to 42 U.S.C. § 1983. (Doc. 1 at ¶ 1). Vivint alleges that Section 42-277 of the Shreveport Municipal Code, which prohibits door-to-door solicitation, is an unconstitutional violation of Vivint's freedom of expression as protected by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Louisiana Constitution. (*Id.* at ¶¶ 3, 8-12).

On January 16, 2015, Vivint filed a Notice of Voluntary Dismissal (Doc. 11), seeking an order dismissing the Fire Marshal[1] from this action without prejudice, which this Court subsequently granted. (Doc. 12). Thus, Shreveport is the only remaining defendant in this case.

## II. MOTION TO DISMISS

Federal Rule of Civil Procedure ("Rule") 12(b)(3) permits a defendant to move to dismiss a case for improper venue. When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007). If the Court determines that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(A).

Venue is governed by § 1391, which provides that a civil action may be brought in:

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[1] Vivint's Complaint does not specify the domicile of any party beyond asserting that all parties are domiciled in Louisiana. (*See* Doc. 1). In the instant motion, Shreveport asserts, and Vivint does not contest, that Vivint's domicile is Bossier City, Louisiana. (Doc. 13-3). Bossier Parish is located within the Western District of Louisiana, as is Caddo Parish, the parish in which the City of Shreveport sits. In its opposition to Shreveport's Motion to Dismiss, however, Vivint states that the Fire Marshal is domiciled in East Baton Rouge Parish, which falls within the Middle District of Louisiana. (Doc. 15 at p. 3).

2

> (3) if there is no district in which an action otherwise may be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Vivint argues that venue is proper under § 1391(b)(1) because all defendants are residents of Louisiana, and when this case was filed, one of the defendants, the Fire Marshal, resided in this district. (Doc. 15 at p. 3). In addition, Vivint contends that venue is also proper under § 1391(b)(2), as a substantial part of the events giving rise to this claim occurred in this district. (*Id.* at pp. 3-4). In opposition, Shreveport asserts that had the "Fire Marshal remained a defendant[,] then it appears that venue could have been proper in this District, even though a public official can reside in multiple districts (including the Western District)." (Doc. 13-2 at p. 3). Shreveport further contends that "it cannot be seriously suggested" that the substantiality requirement of § 1391(b)(2) is met as "all of the acts at issue occurred in Shreveport." (*Id.* at pp. 3-4).

The most relevant inquiry on a 12(b)(3) motion to dismiss for improper venue is whether jurisdiction and venue existed at the time this action was filed. *See Hoffman v. Blaski,* 363 U.S. 335, 344 (1960). Here, the Complaint provides no information regarding the specific domiciles of any party save for the City of Shreveport, whose domicile is facially apparent. (*See* Doc. 1). However, Vivint asserts that "[a]t the time of filing of the Complaint, the Fire Marshal was (and continues to be) domiciled in East Baton Rouge Parish." (Doc. 15 at p. 3). Because

3

Shreveport has offered no evidence to refute this assertion, the Court will accept it as true. Therefore, although the Fire Marshal was dismissed prior to the filing of this motion, the Fire Marshal was a defendant at the time of the filing of this suit in this district. Accordingly, venue was proper under § 1391(b)(1).

Having found venue to be proper pursuant to § 1391(b)(1), the Court need not assess the propriety of venue under § 1391(b)(2). However, so as to ensure a thorough record, the Court will briefly explain why Vivint's second contention that the Middle District is a proper venue under § 1391(b)(2) is erroneous.

"Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." *McClintock v. Sch. Bd. E. Feliciana Parish*, 299 F. App'x 363, 365 (5th Cir. 2008) (footnote omitted). "'[S]ubstantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Univ. Rehab. Hosp., Inc. v. Int'l Co-op. Consultants, Inc.*, No. 05–1827, 2006 WL 1098905 (W.D. La. Apr. 24, 2006) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432–33 (2d Cir. 2005)). Further, several courts have held that the "focus of the 'substantial part of events' inquiry is on the actions or omissions of the defendant." *E.g., Gray Cas. & Sur. Co. v. Lebas*, No. 12–2709, 2013 WL 74351 (E.D. La. Jan. 7, 2013) (citations omitted). Here, the only basis for venue in the Middle District is that the Fire Marshal "began enforcing Section 42-277 of the Shreveport Municipal Code" by requiring Vivint to

provide notice, in writing, as to where and when door-to-door solicitations would be made, and to confirm its compliance with local ordinances. (Doc. 15 at pp. 3-4). Vivint's Complaint provides no details regarding the Fire Marshal's methods of enforcement beyond possible verbal or written correspondence. (*See* Doc. 1 at ¶¶ 19, 21). Moreover, to the extent that any substantive enforcement took place, the very nature of the ordinance makes it applicable to only those areas inside the city limits of Shreveport. Accordingly, the Court finds that Vivint has failed to meet the substantiality requirement of § 1391(b)(2).

### III. MOTION TO TRANSFER

Having determined that this suit was properly filed in this district, and thus, cannot be dismissed pursuant to Rule 12(b)(3), the next issue to consider is Shreveport's alternative argument that this matter should be transferred to the Western District of Louisiana in the interest of justice and for the convenience of the parties. (Doc. 13-2 at p. 3).

Importantly, a district court has "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008 (citing *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). Thus, even where venue is proper, the district court may still transfer the case to another district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Moreover, unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer under § 1404(a) can be

filed at any time, so long as the motion is made with reasonable promptness. *Mohamed v. Mazda Motor Corp.*, 90 F. Supp.2d 757, 760 (E.D. Tex. Mar. 27, 2000) (noting that § 1404(a) sets no time limit on when a motion to transfer can be made).

In seeking to change venue, the movant must show "good cause" for the transfer by establishing that the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d at 315. "The 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.* To make this determination the United States Court of Appeals for the Fifth Circuit requires consideration of several private and public interests factors. The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* These factors are "not necessarily exhaustive or exclusive" and "none can be said to be of dispositive weight." *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

Shreveport contends that transfer is warranted because the only remaining parties – itself and Vivint – are both domiciled in the Western District. (Doc. 13-2 at pp. 4-5). Further, the ordinance at issue was passed in Shreveport, only applies in Shreveport, and "all of the factual evidence regarding the communications between plaintiff and the City of Shreveport occurred in the Western District." (*Id.* at p. 4). Additionally, Shreveport avers that all of the evidence relevant to this case, including all of the witnesses who may testify, is located in Shreveport. (*Id.* at p. 5). In opposition, Vivint contends that Shreveport has failed to carry its burden to "clearly demonstrate" that transfer is warranted because it fails to identify any of its witnesses, while also highlighting that correspondence related to this matter was sent from places outside of the Western District. (*See* Doc. 15 at pp. 5-6). Vivint further contends that "since this case boils down to whether the ordinance is facially unconstitutional," there will be very few, if any, witnesses. (*Id.* at p. 6).

Vivint may be correct that should this matter proceed to trial, there will be very few witnesses. However, making such an evaluation at this stage is premature. What is relevant at this stage is whether and to what extent transfer of this case to the Western District is more appropriate "[f]or the convenience of the parties and witnesses, in the interest of justice." Neither party really addressed the private or public interest factors laid out in *In re Volkswagen of Am*, however, for clarity, the Court will do so here.

With respect to private interest factors, the only factors of relevance here appear to be access to sources of proof and witness attendance. Vivint argues that

7

because Shreveport fails to identify its purported witnesses located in Shreveport, this factor should have no bearing on this claim. However, Vivint cites no authority to support this contention. Moreover, it is logical to assume that in a case contesting the legality of a municipal ordinance that the parties who would testify regarding the creation of and enforcement of said ordinance would, in fact, be located in that municipality. Vivint may be correct that this is fundamentally a constitutional claim, but that does not negate the possibility that the testimony of witnesses may ultimately be required should this matter proceed to trial. Accordingly, the Court finds that the private interests weigh in favor of transfer.

With respect to public interest factors, Vivint asserts that Shreveport has failed to make a showing regarding docket congestion. (Doc. 15 at p. 7). The Court agrees, and thus finds this factor to be neutral in the instant case.[2] Vivint next avers that the "local interest" factor should not weigh in favor of Shreveport because a ruling on this matter would likely impact all similar ordinances across Louisiana; thus, all federal districts in the state – not just the Western District – have a stake in the matter. (*Id.*). The Court finds this point unavailing. First, Vivint generally concedes the localized nature of this specific ordinance. (*Id.* at p. 7) ("Vivint's claims

---

[2] Indeed, courts in this circuit have consistently held that when no party provides evidence to show that this factor should be heavily considered by the court prior to transferring the case to another district, this factor is neutral. *See, e.g., Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guar. Plan*, No. 13-2664, 2014 WL 888407, at *6 (W.D. La. Mar. 6, 2014); *BLB Aviation South Carolina, LLC v. Jet Linx Aviation Corp.*, No. 09-66-C, 2010 WL 370342, at *5 (M.D. La. Jan. 29, 2010). However, a court is permitted to utilize any knowledge it has of the "flow of the docket" in the transferee court to assess whether court congestion in the transferee court does not support transferring the case. *BLB Aviation South Carolina, LLC*, 2010 WL 370342, at *5. Having no independent knowledge of the docket congestion of this Court as compared to the Western District, the Court declines to weigh in on this factor.

may give the Western District a sufficiently proper stake in the resolution of this matter such that there is a local interest in the controversy being decided in this case."). Moreover, while a favorable ruling in this case could impact similar ordinances around the State, federal courts are tasked with deciding only the immediate constitutional questions that come before them. Thus, whatever the ultimate outcome of this case may be, it will only invalidate or affirm the constitutionality of the specific ordinance at issue, Section 42-277 of the Shreveport Municipal Code. Accordingly, the Court finds that the public interest factors weigh in favor of transfer as well.

For the foregoing reasons,

**IT IS ORDERED** that Shreveport's Motion to Dismiss or In the Alternative, Motion to Transfer (Doc. 13) is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the above captioned matter is **TRANSFERRED** to the **United States District Court for the Western District of Louisiana.**

Baton Rouge, Louisiana, this 23rd day of March, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**